UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LINDA MONTGOMERY, | : | CASE NO. 1:14-CV-988 |
| Plaintiff, | : | Judge Beckwith |
| | : | Magistrate Judge Litkovitz |
| v. | : | |
| REMKE MARKETS INCORPORATED, | : | |
| Defendant. | : | |

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, certain information and documents which each party has or may be requested to provide in discovery in this action should be kept confidential in order to protect the legitimate business and privacy interests of each party;

**IT IS HEREBY STIPULATED AND ORDERED**, that during the pendency of this action, or until this Order is amended or superseded, the parties and their counsel will follow the procedures set forth below with respect to information and documents received in discovery.

1. **Confidential Matter**

    (a)    Any documents, including but not limited to personnel files, personal contact information, financial information, medical records, business records, training materials, and any other documents deemed confidential by any party shall be marked or stamped as such. With respect to deposition testimony that constitutes or refers to Confidential Matter, each party shall identify any matter which it deems confidential at the

time the deposition is taken. For the purposes of this Order, "Confidential Matter" shall mean any and all documents, information, testimony, or other materials designated confidential pursuant to this paragraph.

Any documents, information, testimony, or other materials not designated as "confidential" shall not be covered by this Order, *provided however*, that inadvertent production of any document, information, testimony, or other material without a designation of "confidential" shall not itself be deemed a waiver of a party's claim of confidentiality as to such matter, and the party thereafter may designate the same as "confidential".

(b) All Confidential Matter (including the existence of such matter) made available to counsel for the receiving party shall be treated by them as confidential for use solely in connection with this action, and counsel acknowledge that such Confidential Matter is being divulged to them solely in their capacity as counsel.

(c) Except as otherwise provided in this Order, all Confidential Matter (including the existence of such matter) shall not be disclosed by counsel for the receiving party to anyone other than the parties, associate counsel, paralegals, and office or other support staff assisting said counsel in preparation of this case for trial. This in no way limits the trial Court in its decisions. All personnel typing, copying, and having access to the Confidential Matter shall be informed by counsel of its confidential nature.

(d) In addition to those persons enumerated in Section 1(c) above, counsel may disclose Confidential Matter to any party as may be reasonably required in connection with this action, to experts and consultants retained in good faith to assist in connection with this action, and to witnesses or prospective witnesses for trial or for purposes of

preparation therefor, and only to the extent necessary for such preparation, *provided* however, that prior to such disclosure counsel shall advise such person or persons that the Court has ordered that such information or documents shall be kept confidential and may not be disclosed in any form or used for any purpose whatsoever other than those aforementioned.

   (e) Disclosure of Confidential Matter (including the existence thereof) shall not be made to any person or category of persons not included under the terms of this Order without the written consent of counsel for the producing party, which consent will not be unreasonably withheld, unless permitted by order of the Court.

   (f) To the extent that Plaintiff or Defendant dispute or object to the designation of any document, information, testimony, or other material as Confidential Matter, the objecting party may challenge that designation with the Court. Plaintiff and Defendant and their respective counsel nevertheless agree to treat any such disputed material as Confidential Matter unless and until the Court rules to the contrary or removes that designation.

  2. **Use in Briefs or Examinations or as Exhibits**

   Confidential Matter used as exhibits to or incorporated in any manner in briefs, memoranda, transcripts, testimony, or other documents filed with the Court shall be protected as follows:

   (a) In the event that Plaintiff or Defendant intends to include any document or information designated as "Confidential" or "Subject to Protective Order" in any filing with the Court, counsel for such party shall serve on all parties, a notice that the

3

documents are, or are claimed to be, subject to this Protective Order, at least seven (7) days prior to filing or submitting such documents to the Clerk.

(b) This Order does not authorize the filing of Confidential Matter or other protected materials under seal without prior Court approval as to each such filing, upon motion and for good cause shown, including the basis for filing under seal. Pursuant to *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), at all times the Court shall determine which materials, if any, may be filed under seal.

(c) Any party may move that any document – with the exception of motions, memoranda, or other briefs – intended to be filed or submitted to the court be sealed from public view. The motion may be granted upon a showing to the Court that good cause exists.

(c) Parties shall not file under seal any motion, memorandum, or other brief in its entirety. To the extent that a motion, memorandum, or brief to the Court contains any "Confidential" or "Subject to Protective Order" material, a party may move that the document be filed in redacted form, redacting only the "Confidential" or "Subject to Protective Order" material, and that the unredacted version be filed under seal.

(d) Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Civ. R. 79.3. Any folder, envelope or other device used to seal such documents shall bear the notation "DOCUMENTS UNDER SEAL" and any other information required by S.D. Ohio Civ. R. 79.3. Thereafter, the Clerk shall maintain such documents under seal in accordance with the provisions of this Protective Order and the rules of this Court.

(e) In the event that any such document or information is the subject of witness examination at a deposition, hearing, trial, or other proceeding held in connection with this case, it shall be noted on the record that all examination and testimony pertaining thereto shall be considered confidential and the pages of any transcript thereof so designated.

(f) Any such "Confidential" or "Subject to Protective Order" material filed under seal shall be accessible to the Court, Plaintiff, Plaintiff's counsel of record, Defendant, and Defendant's counsel of record.

3. **Return of Confidential Material**

At the final conclusion of this action, including without limitation, any appeal or retrial, all counsel and every person to whom such Confidential Matter have been disclosed shall return to counsel for the producing party, if specifically requested, all materials designated confidential, and all materials which contain or reflect Confidential Matter, including any copies, extracts or summaries thereof. The parties may, however, agree on a different procedure for disposing of Confidential Matter.

4. Nothing in this Protective Order shall be deemed a waiver of any party's right to oppose production of any documents or other tangible things or answers to interrogatories or answers to deposition questions for relevance, or as a privileged communication, or as trial preparation materials, or as not reasonably calculated to lead to the discovery of admissible evidence, or on any other basis permitted by law or rule.

5. This Order notwithstanding, any party may move the Court for an Order imposing additional restrictions upon discovery of confidential information or documents.

6. Confidential Matter shall be fully available to an independent mediator, the Court, court personnel, and court reporters reporting any testimony or proceeding herein, but any such person having access to the Confidential Matter shall be informed by counsel of its confidential nature.

7. After the termination of this proceeding, this Order shall continue to be binding upon the parties hereto, and all persons to whom Confidential Matter has been disclosed or communicated.

8. This Order may be modified in the event that the parties agree in writing to a modification of the provisions hereof, or such modification is ordered by this Court or Magistrate thereof.

DATED: 2/2 , 2015

_____
U.S. DISTRICT JUDGE BECKWITH
U.S. MAGISTRATE JUDGE LITKOVITZ

AGREED:

s/ John H. Phillips (per 1-29-2015 teleph. auth.)
John H. Phillips (0043934)
*Counsel for Plaintiff*

s/ Chad E. Willits
Felix J. Gora (0009970)
Chad E. Willits (0066541)
*Counsel for Defendant*

6